JOHN BARKER, JR. *versus* JOHN E. HESSELTINE.

Where a lot of unimproved land is taxed as the "*real estate of a non-resident proprietor whose name is unknown,*" described in the assessment only as a certain lot on a certain plan of lots in the town, and is advertised and sold as such, for the purpose of obtaining payment of the tax, when in fact, at the time of the assessment and long before and afterwards, the owner of the land, deriving his title under a deed of the lot duly recorded, resided in the same town wherein the lot of land is situated — such sale is illegal and void, although the collector conformed in all respects in making the sale to the provisions of law.

WRIT OF ENTRY, demanding an undivided half of lot No. 101, on Holland's plan of lots in Bangor. The demandant proved title to that lot in himself, by a deed dated Jan. 16, 1833, and immediately recorded. On April 29, 1833, he conveyed one undivided half to J. G. Moody, and this deed was duly recorded. The lot then was, and still is, unimproved land. The demandant during the whole of the year 1833, and ever since, has been an inhabitant of Bangor.

The tenant claimed title to the demanded premises under a sale to him by Newell Bean, collector of taxes of Bangor, for the year 1833, for the purpose of obtaining payment of the taxes assessed thereon by the assessors of Bangor for that year. The collector's deed was introduced, as was also proof for the purpose of showing the legality of the proceedings of the assessors in making the tax, and of the collector in making the sale.

In the assessments, under the general description of — "An inventory of the real estate of non-resident proprietors in Bangor, A. D. 1833, and assessments thereon," this lot was thus taxed.

| Names, | No. of lot, | Description of property, | No. acres, | Value, | Tax, |
|---|---|---|---|---|---|
| "Unknown. | 101. | Holland's plan. | 70. | $560. | $2,63." |

In the notices of sale, return to the treasurer and deed, the description was similar to that in the assessment.

*Moody,* for the demandant, among other objections, contended, that the stat. 1821, c. 116, § 30, the only authority at that time for the sale, did not permit the sale of land for the

payment of taxes thereon, when the owner of the land resided
in the town in which the land was situated.   In this case the
land was taxed as property the owner of which was unknown,
when the proprietor lived in the same town, and where the
records shew him to be the owner.   It was the unimproved
land of a resident in Bangor, and could not be legally taxed,
as if the owner was unknown.   The statute no more authorises
the sale of the land for the payment of taxes on unimproved
than on improved land, where the owner resides in the town
where the land lies.   No sale by the collector can give a title
to a purchaser, be his own acts ever so legal, if the tax was
illegally assessed.   He considered the case, *Brown* v. *Veazie*,
recently decided, (25 Maine R. 359,) as decisive of this.   See
also *Moulton* v. *Blaisdell*, 24 Maine R. 285.

*Cutting*, for the tenant, said that the tax acts provide for
the taxing of all real estate, to the owner or owners, if known ;
and where unknown, it was to be taxed as being such.

How is it to be determined, whether the owner is, or is not
known ?   No tribunal is pointed out in the statute, to settle
the question, and assessors must determine it for themselves.
And their determination is conclusive of this matter, so far as
it concerns the assessment of the taxes.

But even if it is to be shown on the trial, that the owner
might have been known, and that he should have been taxed
for this lot, still this is a matter between the owner and the
assessors or the town.   It is enough for the collector to de-
scribe and treat the land in his collection as it is described in
the tax bill committed to him.   The collector is under no
necessity of going and examining all the records of the county
and trying to find whether a lot of land, taxed as if the owner
was unknown, was really owned by some inhabitant of Bangor.
And if the owner of land will not give it in to the assessors
after he has purchased it, he has no cause of complaint, if the
land continues to be taxed as non-resident.   And if he will
not pay the taxes on his land, he ought not to complain, if the
land is sold to pay them.

Barker *v.* Hesseltine.

The opinion of the Court was drawn up by

WHITMAN C. J. — The case of *Brown* v. *Veazie*, 25 Maine R. 359, may be referred to as containing much of the reasoning, and some of the principles upon which the case before us must be decided. The sale in this case, however, was by a collector, for the non-payment of taxes, assessed upon the premises, as being unimproved land of a non-resident proprietor. In that, it was of an estate assessed as belonging to a proprietor unknown. The collector in the case before us, under the statute of 1821, c. 116, § 30, after due proceedings previously had for the purpose, might proceed to sell; but his sale would be inoperative, if the assessment were unduly made. It would be essential in such case, that the estate so assessed should be actually unimproved land of a non-resident proprietor. The assessing of it as such might excuse the collector, under his tax bill and warrant, for proceeding to sell it, even if the assessors had made their assessment through mistake, in supposing the estate to have been that of a non-resident proprietor, when in fact it was not such; and might be considered as responsible only for due proceedings on his part, unless his covenants, contained in his deed, should extend his liability further. But still the title would not pass to his grantee, unless the estate, at the time of the assessment, were actually that of a non-resident proprietor.

The plaintiff in this case, at the time the assessment was made, and for many years before and since, was a resident in Bangor, where the estate in question was situate; and previous to the assessment had become the owner of the estate, by a deed duly recorded, and has not parted with his interest therein. It was erroneous, therefore, in the assessors of that town to assess it as unimproved land belonging to a non-resident proprietor. The tenant's title then, as set up by him, must be adjudged void; but, as agreed by the parties, a new trial is to be had.